|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAURETTA P.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 2:25-CV-1413-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff, proceeding *pro se*, filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversible error and affirms the Commissioner's decision to deny benefits.

**I.    BACKGROUND**

Plaintiff applied for DIB on June 23, 2022. Administrative Record (AR) 19. Her alleged date of disability onset is January 8, 2021. *Id.* Her requested hearing was held before an Administrative Law Judge (ALJ) on July 9, 2024. AR 39–70. On July 17, 2024, the ALJ issued a

1 | written decision finding Plaintiff not disabled. AR 16–38. The Appeals Council declined
2 | Plaintiff's timely request for review, making the ALJ's decision the final agency action subject
3 | to judicial review. AR 1–5. On August 1, 2025, Plaintiff filed a Complaint in this Court seeking
4 | judicial review of the ALJ's decision. Dkt. 6.

5 | II.   STANDARD

6 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of
7 | benefits if, and only if, the ALJ's findings are based on legal error or not supported by
8 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th
9 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence "is a
10 | highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685,
11 | 690 (9th Cir. 2009). The Supreme Court describes it as "more than a mere scintilla." *Biestek v.
12 | Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229,
13 | (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept
14 | as adequate to support a conclusion." *Id.* (quoting *Consol. Edison*, 305 U.S. at 229) (internal
15 | quotations omitted).

16 | III.   DISCUSSION

17 | In her decision, the ALJ found Plaintiff was not disabled at step five of the sequential
18 | evaluation process. *See* AR 31–32. That is, the ALJ found Plaintiff retained a Residual
19 | Functional Capacity that permitted her to perform work existing in significant numbers in the
20 | national economy. *See id.*
21 | In her opening brief, Plaintiff asserts that the ALJ overlooked deductions for her
22 | Impairment-Related Work Expenses and asserts that she is disabled under the five-step
23 | sequential evaluation process. *See* Dkt. 13 at 2–3. She also attached three pages of medical
24 |

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

records, although she did not address their significance in her Opening Brief. *Id.* at 4–6. In her Reply Brief, she argued that evidence justifies a remand under sentence six of 42 U.S.C. § 405(g), and also contended she was deprived of her due process rights because her attorney representing her before the agency was deficient. *See* Dkt. 17 at 2–3. The Court considers and rejects each of these arguments in turn.

**A.     Impairment-Related Work Expenses**

At step one of the sequential evaluation process, an ALJ considers whether a claimant has performed substantial gainful activity (SGA) during the relevant time period. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1571. In doing so, the ALJ considers a claimant's earnings, and if those earnings meet a particular threshold, the claimant will be presumed to have engaged in SGA. *See* 20 C.F.R. § 404.1574(a). In making this calculation, the ALJ deducts impairment-related work expenses. *See* 20 C.F.R. § 404.1576(a). Impairment-related work expenses (IRWEs) are the cost of "certain items and services which, because of [the claimant's] impairment(s), [the claimant] need[s] and use[s] to enable [her] to work." *Id.* For instance, if a claimant's impairments require modifications to her vehicle or the use of hired vehicles for transportation, or if the impairments require using special equipment at work which the claimant pays for, related expenses will be deducted from the claimant's earnings at step one. *See* 20 C.F.R. § 404.1576(c)(4), (c)(6)(iii).

Here, the ALJ discussed Plaintiff's earnings at step one and found they likely showed Plaintiff engaged in SGA during the relevant period. *See* AR 22–23. However, because there were some ambiguities related to the dates that Plaintiff engaged in SGA, the ALJ proceeded to the remaining steps of the sequential evaluation process. *See id.* The ALJ did not discuss Plaintiff's potential impairment-related work expenses. *See id.*

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

Plaintiff states in her opening brief that the ALJ "overlook[ed] deductions for Impairment Related Work Expenses, [as] transportation is needed to enable [her] to work." Dkt. 13 at 2. But Plaintiff has identified no evidence in the record indicating she had impairment-related transportation expenses. To the contrary, Plaintiff indicated in her function report she can drive (AR 538) and testified that one of her part-time roles involved driving different vehicles for car auctions (AR 45). Neither statement was qualified by any indication that she had impairment-related difficulties in driving. This evidence suggests Plaintiff did not require vehicular modifications (as she was able to drive cars which were not her own) and that she did not require use of a hired vehicle. Nor is there evidence any other basis for finding impairment-related work expenses was present. *See* 20 C.F.R. § 404.1576(c)(6)(iii)(C).

Further, Plaintiff cannot show prejudice from the ALJ's failure to discuss her potential IRWEs. The Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). If the ALJ's decision remains supported by substantial evidence and the error does not "negate the validity of the ALJ's ultimate conclusion," it is harmless. *See id.* (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). "The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Because the ALJ proceeded through the remaining steps of the sequential evaluation process, her purported omission at step one of any discussion of Plaintiff's IRWEs would be harmless error. The Court finds the ALJ did not err at step five. Therefore, the ALJ's ultimate determination that Plaintiff was not disabled is unaffected by any error at step one.

B.     The Listings and Residual Functional Capacity Findings

In her opening brief, Plaintiff asserts that she should have been found disabled under the Listings of Impairments (20 C.F.R. Pt. 404, Subpt. P, App. 1), and that she has no residual functional capacity (RFC) to perform additional work. *See* Dkt. 13 at 2–3. However, these conclusory allegations do not show error. The Court finds the ALJ's decision was supported by substantial evidence.

With respect to the Listings, the ALJ found Plaintiff had the severe impairments of degenerative disc disease, migraines, and obesity. AR 23. At step three, an ALJ determines whether a claimant's impairments meet or medically equal a Listing. *See* 20 C.F.R. § 404.1520(a)(4)(iii). It is the claimant's burden to produce evidence showing disability at step three. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

As the ALJ noted, the Listing pertaining to degenerative disc disease (Listing 1.15, *see* Listings 1.00(F)(1)) requires that a claimant produce evidence of a medical need for one of several enumerated assistive devices or an inability to do work involving fine or gross movements. *See* Listing 1.15, criteria D; AR 25. Plaintiff did not produce such evidence. Indeed, she testified she has not used a cane or walker. *See* AR 44. Thus, the ALJ did not err in finding she did not meet the Listing for degenerative disc disease.

As the ALJ noted, there are no specific listings for migraines and obesity, but the claimant may still show those impairments medically equaled a listing. *See* AR 25; 20 C.F.R. § 404.1526. "An ALJ is not required to . . . compare [a claimant's impairments] to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch*, 400 F.3d at 683 (citing *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)).

Because Plaintiff did not present evidence in an effort to establish equivalence, the ALJ did not err in not finding such an equivalence.

As for Plaintiff's RFC, the Court finds the ALJ's RFC determination was supported by substantial evidence. The ALJ discussed much of the medical evidence, set forth his interpretation thereof, and discussed Plaintiff's work experience and activity level. *See* AR 27–29. He also relied, in part, upon the medical opinions of several state agency psychologists. AR 29–30.

The ALJ found Plaintiff was capable of light work with some additional modifications, despite her degenerative disc disease, because most examinations revealed normal results, showing she retained an ability to walk and stand. AR 27; *see also Quesada v. Colvin*, 525 F. App'x 627, 629 (9th Cir. 2013) (unpublished) (affirming ALJ findings based on evidence of normal gait and strength). She also noted imaging revealed mild and moderate degenerative disc disease. AR 27; *cf. Burch*, 400 F.3d at 681 (mild imaging proper for consideration).

The ALJ also noted Plaintiff had performed part-time work during the relevant period and wished to work full-time, suggesting she was capable of full-time work. AR 28; *cf. Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001) (statement that claimant left job for reasons unrelated to impairment was "sufficient reason[]" for discrediting testimony). And as the ALJ noted, such work activity is also inconsistent with Plaintiff's allegations of debilitating migraines. *See* AR 27–28.

In sum, the RFC finding was supported by substantial evidence, and Plaintiff has not shown the ALJ erred in finding she did not meet or equal a Listing.

**C.    New Evidence**

In her Opening Brief, Plaintiff attaches three pages of notes. *See* Dkt. 13 at 4–6. They describe lab results from July and August of 2025. *Id.* One indicates an MRI "shows changes in [Plaintiff's] thoracic spinebones that could indicate a spinal condition called DISH (diffuse idiopathic skeletal hyperostosis) or an autoimmune/inflammatory condition called spondyloarthritis." Dkt. 13 at 4. The other notes indicate Plaintiff's labs show "high inflammatory markers, but no obvious autoimmune cause" and "no acute fracture or dislocation" but "moderate bilateral hip osteoarthritis." Dkt. 13 at 5, 6.

In her Reply Brief, Plaintiff requests the Court remand under sentence six of 42 U.S.C. § 405(g) based on this evidence. Sentence six permits remand where there is new, material evidence which the claimant has good cause for failing to submit earlier.

The Court finds the evidence is not material. To show the evidence is material, Plaintiff must show "there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citation and quotation omitted).

Here, the evidence does not suggest Plaintiff has any further limitations than the ALJ found, as it does not describe any new symptoms. Indeed, the evidence confirms what the ALJ described already: Plaintiff has a spinal impairment and imaging revealed it was moderate. *See* AR 27. The evidence does not establish Plaintiff has any new impairments; it only suggests further testing may be necessary to find the underlying cause of changes in her spine. *See* 20 C.F.R. § 404.1521.

Moreover, the ALJ's decision only considered whether Plaintiff was disabled through July 2024. *See* AR 33. But the new evidence pertains to Plaintiff's condition nearly a year later.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 7

Even to the extent the evidence suggests Plaintiff's condition worsened, this is not relevant to Plaintiff's functioning during the period evaluated by the ALJ. *See Mayes*, 276 F.3d at 462 (finding immaterial evidence of diagnosis six months after close of relevant period).

In sum, the Court declines to remand the matter under sentence six of § 405(g).

**D.    Ineffective Counsel**

Plaintiff argues in her Reply Brief that her counsel at the hearing level was deficient because he failed to argue she had impairment-related work expenses and "prevented the [ALJ] from properly applying disability law (like the imperative rules, potentially referring to the Grid Rules or specific regulations)." Dkt. 17 at 2. A claimant's right to counsel in an SSA proceeding is a statutory one, rather than a constitutional one. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981); *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991).

Here, Plaintiff was represented by counsel at the hearing level and received notice of her right to counsel; she alleges only that her counsel was ineffective. This is, however, not a proper basis for remand. The regulations impose some obligations upon claimants' representatives. *See* 20 C.F.R. § 404.1570. But Plaintiff's counsel is not a party to this case, so a deficiency on his part does not necessarily compel relief from the Commissioner. Rather, it is the ALJ's decision that is reviewed. *See* 42 U.S.C. § 405(g). Because the regulations do not appear to oblige the ALJ to enforce counsel's regulatory obligations, a deficiency in counsel likely does not show the Commissioner committed legal error. *See Cornett v. Astrue*, 261 F. App'x 644, 651 (5th Cir. 2008) (unpublished) (finding ineffective counsel in social security proceeding does not create cognizable claim); *Rosas v. Colvin*, No. CV 13-2756, 2014 WL 3736531, at *3 (C.D. Cal. July

28, 2014) (same); *Alvernaz v. Colvin*, No. 2:13-CV-0158, 2014 WL 1338314, at *8 (E.D. Cal. Apr. 2, 2014) (same).

Even if ineffective assistance of counsel showed legal error, this would not be sufficient to justify remand. The ALJ continues to have a duty to develop the record in social security proceedings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). For this reason, the absence of counsel is not a sufficient ground for remand; rather, a claimant must "demonstrate prejudice or unfairness in the administrative proceedings." *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981) (citing *Hall v. Sec'y of Health, Educ., and Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979), *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)). The same is true of an ineffective assistance claim—Plaintiff must show such a deficiency was prejudicial. *See Banta v. Chater*, No. 95-6457, 1996 WL 477298, at *1 (10th Cir. 1996) (unpublished) ("[I]neffective representation might require a remand where there has been a showing of 'clear prejudice or unfairness[.]'") (citations omitted); *cf. Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir. 2003) (right to counsel in deportation proceedings requires showing that proceeding was "fundamentally unfair").

Plaintiff's assertions do not show an inadequacy of counsel, let alone one that demonstrates prejudice or unfairness in the administrative proceeding. To the contrary, the record shows Plaintiff's counsel generally complied with his responsibilities as a representative. For instance, there is no contention that the 1800-page record was missing medical evidence due to counsel's deficiencies. *See* 20 C.F.R. § 404.1740(b)(1)–(2) (representative must provide evidence). A review of the hearing transcript confirms her counsel fulfilled his basic duties: he summarized the medical evidence for the ALJ (AR 42–43) and conducted examinations of both the claimant (AR 48–56) and the vocational expert (AR 65–69), showing a familiarity with the

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 9

relevant evidence. *See* 20 C.F.R. § 404.1740(b)(3)(i) (representative must provide competent representation by knowing the significant issues in the claim).

Plaintiff's examples of deficiencies do not show an inadequacy of counsel. As discussed, the record belies any claim that Plaintiff's impairments cause transportation-related expenses. Plaintiff's counsel did not prevent the ALJ from properly applying the regulations—the ALJ applied the five-step sequential evaluation process with reference to those regulations. *See* AR 21–32. With respect to the Grids, the ALJ properly found they did not apply because Plaintiff's RFC permitted her to perform a reduced range of light work (*see* AR 32), and the Grids apply only if a claimant's RFC corresponds to a particular level of exertion, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00.

In sum, Plaintiff has not shown the ALJ's decision was unsupported by substantial evidence or the product of legal error. Hence, the ALJ's decision is affirmed, and Plaintiff's request that the Commissioner be directed to reconsider the decision is rejected.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 17th day of December, 2025.

David W. Christel
United States Magistrate Judge